# United States District Court
## CENTRAL DISTRICT OF ILLINOIS

E-FILED
Tuesday, 08 April, 2008  09:22:07 AM
Clerk, U.S. District Court, ILCD

FILED
APR - 7 2008
PAMELA E. ROBINSON, CLERK
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Latricia Foster,

**Plaintiff**

vs.

Cindy Janovetz
Dist. 150

Case No. 08-1085

(The case # will be assigned by the clerk)

**Defendant(s)**

Peoria Public School Dist. 150

Mr. Stimeling

Officer Martin Peoria Police Dept.

(List the full name of ALL plaintiffs and defendants in the caption above.  If you need more room, attach a separate caption page in the above format).

## COMPLAINT*

Indicate below the federal legal basis for your complaint, if known.  This form is designed primarily for pro se prisoners challenging the constitutionality of their conditions of confinement, claims which are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "Bivens" action

*Please refer to the instructions when filling out this complaint.  Prisoners are not required to use this form or to answer all the questions on this form in order to file a complaint.  This is not the form to file a habeas corpus petition.

(against federal defendants). However, 42 U.S.C. § 1983 and "Bivens" do not cover all prisoners' claims. Many prisoners' legal claims arise from other federal laws. Your particular claim may be based on different or additional sources of federal law. You may adapt this form to your claim or draft your own complaint.

☐ 42 U.S.C. §1983 (state, county or municipal defendants)

☐ Action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971)(federal defendants)

☐ Other federal law: _____

☐ Unknown _____

## I. FEDERAL JURISDICTION

Jurisdiction is based on 28 U.S.C. § 1331, a civil action arising under the United States Constitution or other federal law. *(You may assert a different jurisdictional basis, if appropriate).*

## II. PARTIES

A. Plaintiff:

  Full Name: Latricia Foster

  Prison Identification Number: N/A

  Current address: 2828 N. Harper Ter

*For additional plaintiffs, provide the information in the same format as above on a separate page. If there is more than one plaintiff, each plaintiff must sign the Complaint, and each plaintiff is responsible for paying his or her own complete, separate filing fee.*

B. Defendants

  Defendant #1:

   Full Name: Cindy Janovetz

   Current Job Title: Principal

2

Current Work Address  2612 N. Bootz

**Defendant #2:**

Full Name:  Dist. 150

Current Job Title:  _____

Current Work Address  3202 N. Wisconsin Ave

**Defendant #3:**

Full Name:  _____

Current Job Title:  _____

Current Work Address  _____

**Defendant #4:**

Full Name:  _____

Current Job Title:  _____

Current Work Address  _____

**Defendant #5:**

Full Name:  _____

Current Job Title:  _____

Current Work Address  _____

*For additional defendants, provide the information in the same format as above on a separate page.*

## III. LITIGATION HISTORY

*The "three strikes rule" bars a prisoner from bringing a civil action or appeal in forma pauperis in federal court if that prisoner has "on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).*

A. Have you brought any other lawsuits in state or federal court dealing with the same facts involved in this case?   Yes ☐   No ☒

If yes, please describe _____

_____

B. Have you brought any other lawsuits in federal court while incarcerated?

Yes ☐   No ☒

C. If your answer to B is yes, how many? _____   Describe the lawsuit(s) below.

1. Name of Case, Court and Docket Number
_____

2. Basic claim made _____

3. Disposition (That is, how did the case end? Was the case dismissed? Was it appealed? Is it still pending?) _____

*For additional cases, provide the above information in the same format on a separate page.*

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

*Prisoners must exhaust available administrative remedies before filing an action in federal court about prison conditions. 42 U.S.C. § 1997e(a). You are not required to allege or prove exhaustion of administrative remedies in the complaint. However, your case must be dismissed if the defendants show that you have not exhausted your administrative remedies, or if lack of exhaustion is clear from the complaint and its attachments. You may attach copies of materials relating to exhaustion, such as grievances, appeals, and official responses. These materials are not required to file a complaint, but they may assist the court*

*in understanding your claim.*

A.  Is there a grievance procedure available at your institution?   Yes ☑   No ☐

B.  Have you filed a grievance concerning the facts relating to this complaint?

   Yes ☑   No ☐

If your answer is no, explain why not _____
_____

C.  Is the grievance process completed?   Yes ☑   No ☐

## V.  STATEMENT OF CLAIM

Place(s) of the occurrence   2612 N. Bootz

Date(s) of the occurrence   3/7/08

*State here briefly the FACTS that support your case. Describe what each defendant did to violate your federal rights. You do not need to give any legal arguments or cite cases or statutes. Number each claim in a separate paragraph. Unrelated claims should be raised in a separate civil action.*

**THE COURT URGES YOU TO USE ONLY THE SPACE PROVIDED.** *Federal Rule of Civil Procedure 8(a) requires only a "short and plain statement" of your claim showing that you are entitled to relief. It is best to include only the basic, relevant facts, including dates, places, and names.*

Received call from my daughter from school (instructed by the principal) regarding the principal getting in her face like she wanted to fight her. So I proceeded to the school to see what was going on. As I was on my way to the

5

School, I called the administration office to speak with someone regarding this matter. I spoke with Debbie Sullivan and explained what I was told by my daughter, and she stated "She'd have someone call me back". I arrived at the school about 2:15pm or little before, and went into the office to speak with Mrs. Janovetz. She was coming from her office and when she looked at me she had this angry look on her face and rudely stated to me "She doesn't have time to talk to me, she has two students she has to deal with and do announcement". So, I told her "that was fine, I just didn't appreciate her getting in my daughter's face and that I already called Administrations". She angerily raised her voice and yelled for me to "GET OUT!" Which I then asked her "Why?, because I'm not yelling at her, nor in her face, nor giving her any reason, & that I had a right to be there if I'm not causing any problems, because I have kids that go there". She then got on the Walkie Talkie and called Mr. Stineling whom was right in the next room in her office, which if I was doing any yelling or making any scenes he would have already been in there. So the parent that was in there left and she had the two students go into her office, while continuing to yell "Get out!". So, I asked her to "Call my daughter & I'd leave." She yelled "NO!". So I turned to the Secretary Mrs. Grimes and asked her "if she'd call my daughter for me". But before Mrs Grime could respond, Mrs. Janovetz yelled

out "NO!" and stormed over by the P.A. system and called for my daughter. So I just sat in the seat and I called the administration office back, because she continued yelling at me in which I wasn't doing anything wrong. I spoke with Donna and was trying to explain what was going on when Mrs. Janovetz got on the phone stating "She have an Irate Parent, making a lot of noise, and she can't do her announcements." I then was telling Donna what she said and how I'm on the phone with her and she stated "She'll have someone call me right back". As I hung up Mr. Stimeling told me to "leave", which I left the office and stood in the area between the exit doors and the doors to school. Mr. Stimeling had followed me out and said to "leave." I then stated "that she only said for me to leave the office & I will leave as soon as my daughter comes, because I wasn't causing any problems" At that point Officer Martin came in and Mr. Stimeling then got real angry and then wanted to yell at me in which I did state "that it wasn't that serious because the officer came in, because I wasn't doing anything wrong." Which at that point my phone rang, and it was Mrs. Sanfilip, I answered the phone and before I could tell her to hold on and explain to Mr. Martin whom I was speaking with and what was going on. He stated "I was under arrest" and grabbed my left arm while Mr. Stimeling grabbed my right arm and

7

shoved it behind my back. I feel all this could have been avoided if Mrs. Janovetz would have stayed in control of herself. I feel that my civil rights have been violated because of her actions and lies she told on me. I am a concerned parent, who have very much interest in my children and how things are going for them, & because of my concern, I decided to look into what was going on at school. And certainly not to cause any disturbance, but to set up a meeting to see what was going on. Instead I was confronted with the rudeness of the principal who didn't want to talk about the matter. I would have gladly waited or even set a more convient time for her, but instead I was told by her "She didn't have time for me, she had students to deal with." As a parent, I felt that speaking with a concerned parent was not a put-off for a school principal. She could have "kindly" stated to me that "she needed to reschedule or gave me a specific time she could talk to me." I am an agreeable parent, and I expect my children to have good conduct while in school, if this is not the case, I want to know about it so that I can correct the matter before it's too late for my child. If I can't talk with the principal in earnest, then how can I really know what I can expect out of teachers, principals, or anyone who is over my child. Nothing can be resolved where there is no confidential talk. This was my primary reason for going to the school. Instead what did I get? A ride in a police car and a

8

jail record. I do not take this lightly, I feel my rights were violated. I was publicly humiliated and my children were likewise effected as a result. I've never had altercations with anyone that would result in this type of action. I don't understand why the principal made such a hastey decision! Was it perhaps done because she felt intimidated by a "black parent"? Do I not have the right to inquire about my children at a District 150 school? I need solid answers! I am both confused and disappointed with this outcome.

## RELIEF REQUESTED

*(State what relief you want from the court.)*

To be compensated for my pain and suffering, the false arrest, the lies/false accusations that caused my arrest. The stress that I'm enduring and the expungement of this police record.

**JURY DEMAND**   Yes ☑   No ☐

**Signed this** 7th **day of** April **, 20** 08 **.**

*Patricia Foster*

*( Signature of Plaintiff)*

| Name of Plaintiff: | Inmate Identification Number: |
|---|---|
| Lotricia Foster | |
| Address: | Telephone Number: |
| 2828 N. Harper Ter Peoria, IL 61604 | 309-282-6022 |